Joanne LIGGETT *v.* STATE of Arkansas

CR 92-222                                          832 S.W.2d 813

Supreme Court of Arkansas
Opinion delivered June 15, 1992

*Gibbons Law Firm, P.A.,* by: *David L. Gibbons,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Following the seizure of her driver's license for DWI, appellant Joanne Liggett was convicted of driving on a suspended driver's license. She challenges the conviction based on provisions of Act 549 of 1983, the Omnibus DWI Act.

Appellant was arrested for driving while intoxicated. Her license was seized by the arresting officer and she was issued a temporary driving permit to expire at the time of her trial. On

November 7, 1990, appellant pled guilty to DWI, First Offense, and her driver's license was suspended for ninety days.

On November 26, 1990, the same officer saw appellant driving and arrested her for driving on a suspended license in violation of Ark. Code Ann. § 5-65-105 (1987). Appellant was found guilty and sentenced to ten days in jail. She appealed to circuit court and moved to dismiss under Ark. Code Ann. § 5-65-104 (1987), contending she was still authorized to drive on the temporary permit issued after her arrest for DWI. The motion was denied and the case was submitted on a stipulation of facts, resulting in a conviction and a sentence of ten days in jail was again imposed.

On appeal, appellant argues the trial court erred in denying her motion to dismiss because the temporary permit issued earlier was still in effect.

Appellant's argument involves the measures prescribed under § 5-65-104, portions of which are italicized:

(a)(1) *At the time of arrest for violating § 5-65-103, the arresting officer shall seize the motor vehicle operator's license of the person arrested and issue to such person a temporary driving permit to expire on the date of arraignment.*

(2) *The arresting officer shall remit the seized operator's license to the court.*

(3) *Upon arraignment, the judge shall issue such person a temporary permit to expire on the date of the trial.*

(4) If the person is convicted of violating § 5-65-103, the court shall transmit the operator's license to the Office of Driver Services and shall instruct the Office of Driver Services to suspend or revoke such person's motor vehicle operator's license as follows:

(A) Suspension for not less than ninety (90) days nor more than one hundred twenty (120) days for the first offense;

(B) Suspension for not less than one (1) year or more than sixteen (16) months for a second offense within three

(3) years of the first offense; and

(C) Suspension for not less than two (2) years nor more than thirty (30) months for the third offense within three (3) years of the first offense; and

(D) Revocation for the fourth or subsequent offense occurring within a three-year period of the first offense. Revocation shall continue for a period of three (3) years.

(b)(1) *Any person who is found guilty or enters a plea of guilty to a first offense under this act may petition the Office of Driver Services that he or she be issued a restricted operator permit for employment-related purposes or to attend a state-required alcohol treatment or education program.*

(2) *The Office of Driver Services shall notify each person that he or she may request a restricted permit and shall advise the person of the time and place for making such request and for the hearing thereon, which shall be conducted within ten (10) days from the guilty plea or conviction.*

(3) Such notice shall be given by mailing the notice to the last known address of the person whose operator license is suspended.

(4) *Any previously issued temporary permit shall remain in effect until the hearing date.*

(5) Furthermore, the sentencing court may postpone acceptance of a guilty plea or sentencing following a conviction until a determination of the request for a restricted operator's permit has been made.

\* \* \* \*

Appellant's argument is built on §§ 5-65-104(a)(1) and (3), which provide that upon arrest for DWI, the operator shall receive a temporary driving permit which expires on the date of trial. Appellant next refers to §§ 5-65-104(b)(1) and (2), which permit first offenders to petition the Office of Driver Services for a hearing to obtain a restricted license for employment purposes. Her final reference is to section (b)(4), which provides for any

previously issued temporary license to remain in effect until the date of the restricted license hearing. In sum, appellant argues as follows:

> If a person is found guilty of a first offense, the previously issued temporary permit does not expire until Driver Services has had an opportunity, at the hearing date, to issue a restricted operator permit.

Appellant submits that a guilty plea or conviction of a DWI first offense effects the continuation of the previously issued temporary permit and such privilege continues until ODS issues a restricted license.

■ There was no communication between appellant and ODS after her conviction for first offense DWI concerning a restricted license. Appellant maintains that because she was never notified that she could have requested a hearing, nor given notice of a hearing, the temporary permit was still valid when she was arrested for driving on a suspended license. The statute clearly provides for a temporary permit to be issued upon arrest, which remains valid until the trial, but we cannot agree that after a guilty plea or conviction of a first offender the temporary permit continues indefinitely and expires only when the first offender receives notice of the right to apply for a restricted license.

We concede there is some uncertainty in the procedure under § 5-65-104 as to whether it is the first offender who must petition the ODS for a hearing or whether ODS is required in the first instance to notify all first offenders of their right to a hearing. Appellant favors the latter course and argues that notification of a hearing is a mandatory requirement on ODS. She contends in effect the lack of a notice amounts to a waiver by ODS or the state to charge her with driving on a suspended license. We doubt that the legislature intended any such result, but we need not decide, as appellant has not shown any adverse consequences by the lack of notice.

■ If a hearing for a restricted license is requested, the statute requires that it be held within ten days of conviction. Section 5-65-104(b)(2). Had she decided to request a hearing, which she does not claim she would have done, and it was denied, the maximum time for her temporary license to continue would

have been ten days after her conviction. It is undisputed that her second arrest was almost three weeks after her DWI conviction.

Assuming appellant would have requested a hearing had she been notified, she has not demonstrated that she was eligible for a restricted license, nor has she made any showing that she was arrested during the hours or for the purposes she would have been allowed to drive on a restricted license— driving related either to employment or to an alcohol treatment program.

Affirmed.